**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JEREMY DEFRENCHI, <br><br>　　　　　Plaintiff <br><br>　v. <br><br>KEVIN SPEED, et al., <br><br>　　　　　Defendants | Case No. 2:24-cv-01407-JAD-BNW <br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE** <br><br>ECF No. 4 |

**On 10/4/24, the magistrate judge entered this report and recommendation [ECF No. 4]:**

　　　On July 31, 2024, Plaintiff filed his complaint. ECF No. 1. Because he failed to pay the filing fee or apply to proceed *in forma pauperis*, the Court gave him 30 days to submit the IFP application or pay the fee. ECF No. 3. Plaintiff failed to comply with the deadline and to date has not submitted an application or paid the fee. As a result, the Court recommends that Plaintiff's case be dismissed without prejudice.

　　　The law permits a district court to dismiss an action based on a party's failure to comply with a court order. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less-drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

　　　The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court


or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the Court to consider whether less-drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot proceed without a completed IFP application or a paid filing fee, the only alternative is to enter another order setting another deadline. The circumstances here do not indicate that Plaintiff needs additional time. Therefore, setting another deadline is not a meaningful alternative. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holding that dismissal is proper where at least four factors support dismissal or where at least three factors "strongly" support dismissal).

**IT IS THEREFORE RECOMMENDED** that this action is **DISMISSED without prejudice** for failure to comply with the Court's deadline.

### ORDER ADOPTING REPORT AND RECOMMENDATION

The deadline for any party to object to this recommendation was 10/18/24, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 4] is ADOPTED in its entirety. This case is DISMISSED, and the Clerk of Court is directed to CLOSE THIS CASE.**

DATED: October 29, 2024

_____
U.S. District Judge Jennifer A. Dorsey